### LIVINGSTON v. STATE. (4 Div. 807.)

(Court of Appeals of Alabama. June 30, 1923.)

**I. Chattel mortgages ⟲233—Mortgage of automobile properly admitted in evidence.**

In a prosecution for disposing of mortgaged property where evidence showed execution by defendant of a written mortgage properly recorded, objection to its introduction in evidence was properly overruled.

**2. Chattel mortgages ⟲234—Whether automobile was removed to another state to hinder, delay, or defraud mortgagee for jury.**

In a prosecution for disposing of mortgaged property, whether defendant, in removing the automobile to another state, did so with purpose to hinder, delay, or defraud mortgagee was for the jury.

**3. Criminal law ⟲1186(4)—Admission of irrelevant testimony held not to affect defendant's substantial rights requiring reversal.**

In a prosecution for disposing of mortgaged property, where the rulings as to the admission of evidence foreign to the issue did not affect defendant's substantial rights under Code 1907, § 6264, it did not call for reversal where no injury resulted therefrom to defendant.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

J. R. Livingston was convicted of disposing of mortgaged property, and appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. It appears from the record that on the trial of this case in the court below the defendant was attended by counsel. No brief in behalf of appellant, however, has been filed in this court.

The indictment preferred by the grand jury against this defendant charged that he,

---

with the purpose to hinder, delay, or defraud Roy Walden, who had a lawful, valid claim thereto under a written instrument, did sell or remove personal property, consisting of one automobile, of the value of $500, he having at the time a knowledge of the existence of such claim, etc.

[1] The testimony without dispute went to show that the defendant traded cars with one Hall, who was in the employ of Walden, and was representing him in the transaction, and, in addition to a Chevrolet car, he promised to pay a difference of $400 for the Buick car he got from Walden. In order to secure the $400 defendant executed the written mortgage on November 2, 1921, and made payable December 1, 1921. The car in question was particularly described in the mortgage as one Buick Six touring model, motor No. 467541. The mortgage bears the indorsement of the judge of probate that it was filed for record in his office on November 3, 1921. The objection interposed to the introduction of this mortgage in evidence was properly overruled.

[2] The testimony was also without dispute that the mortgage had not been paid, and, further, that the defendant removed the car from Houston county, in this state, to Columbus, Ga. These facts being proven without conflict, the decisive question was then presented as to whether or not in removing the car, as above stated, did the defendant do so with the purpose of hindering, delaying, or defrauding Roy Walden, who under the written instrument had a lien upon said car. In other words, there was no denial that the mortgage belonged to and was the property of Walden, that it was unpaid, and that the car in question was covered by said mortgage, and that the defendant, knowing these facts, removed the property out of the state. What was his intent in so removing said car? Was it for the purpose of hindering, delaying, or defrauding Walden? If it was removed with a purpose at the time to do any or all of said things, the defendant would be guilty, provided the evidence convinced the jury of these facts beyond a reasonable doubt. As to whether these facts existed or not was a question for the determination of the jury, and the court in submitting this case to the jury clearly stated the law applicable to the case.

[3] There was some testimony allowed over the objection of defendant which in our opinion was probably foreign to the issue, but we do not think by these rulings the substantial rights of the defendant were injuriously affected. We will not, therefore, reverse this case because of the admission of the irrelevant testimony, as the statute expressly provides that the appellate courts of this state must consider all questions apparent on the record or reserved by bill of exceptions, and

must render such judgment as the law demands. It also provides:

"But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant." Code 1907, § 6264.

Under the issues in this case the written charges refused to defendant were so refused without error. The affirmative charge was not requested, nor was there motion for a new trial. The questions as presented show no reversible error, and, as the record is also free from error, the judgment appealed from must be affirmed.

Affirmed.